Dear Mr. Duty:
You requested reconsideration of Op.Atty.Gen. 98-213, which found that the Louisiana State Board of Private Security Examiners (the "Board") was required to follow the capital outlay procedures and requirements found in La.R.S. 39:101, et seq. It appears that the opinion was based upon the assumption that the Board's funds were deposited in the State Treasury. You have advised that the Board is not a budget unit within the Department of Public Safety and Corrections (the "Department").
Article VII, Section 9 of the Louisiana Constitution provides, in pertinent part, the following:
 "All money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received:
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (2) By trade or professional associations;"
This office has consistently held that it was the intent of the delegates to the Constitutional Convention, when referring to "trade or professional associations," to include agencies of state government which are involved in licensing and regulating persons and firms engaged in the various trades and professions. A careful review of the discussions of the Committee on Revenue Finance and Taxation reveals that, without any question, the majority of the members of that committee intended that the Constitution would exempt from the general provisions of Article VII, Section 9, (1) the various boards and commissions engaged in licensing and regulating and (2) those boards and commissions that are commonly known as "promotional boards." See Attorney General Opinion Nos. 74-1899, 75-23, 78-67A, 82-732, 85-774, 93-250.
Attorney General Opinion No. 85-774 addressed the issue of whether the Louisiana State Board of Private Security Examiners should be exempt from depositing the money collected by it into the state treasury. La.R.S. 37:3295 directed the Private Security Examiners Board to deposit all fees collected by it into the state treasury to be credited to the Bond Security and Redemption Fund. Therein, the author opined that Section 3295 was in conflict with Article VII, Section 9. The author concluded:
 "Therefore, since the Louisiana State Board of Private Security Examiners is involved in licensing and regulating persons, the constitutional exemption from depositing fees received by the Board into the state treasury is applicable."
This office has further held that when an entity is not required to deposit its monies into the State Treasury, no appropriation is required to expend the monies. La. Const. Art. III, Sec. 16 and Art. VII, Sec. 10 of the Louisiana Constitution. The capital outlay procedure in Title 39 sets forth the process to be followed in order for a project to be contained in the capital outlay act, which is an appropriation act. La.R.S. 39:112. If the Board's money is not in the state treasury and thus does not have to be appropriated in order to be spent, the Board would not need its project to be included in the capital outlay act. If the Board does not need to be included in the capital outlay act, it would not have to follow the capital outlay process. See Op.Atty.Gen. 94-258 regarding the Louisiana Housing Finance Agency, Op.Atty.Gen. 94-140 regarding the Louisiana Motor Vehicle Commission and Op.Atty.Gen. No. 94-226 pertaining to the Louisiana Board of Veterinary Medicine Examiners.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH